UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 14-8046-JFW (FFMx)**                                    Date:  July 20, 2015

Title:    Samuel Gardner Eldredge -v- Wale Olumuyiwa Olukanmi, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**   **ATTORNEYS PRESENT FOR DEFENDANTS:**
　　　　　None　　　　　　　　　　　　　　　　　　　　None

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING IN PART, DENYING IN PART DEFENDANT WALE OLUMUYIWA OLUKANMI'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [filed 3/10/2015; Docket No. 24]

　　　　On March 10, 2015, Defendant Wale Olumuyiwa Olukanmi ("Defendant Olukanmi") filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted ("Motion to Dismiss").  On June 16, 2015, Plaintiff Samuel Gardner Eldredge ("Plaintiff") filed a limited Opposition.  On June 23, 2015, Defendant Olukanmi filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for July 27, 2015 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

　　　　In Plaintiff's Opposition to Defendant Olukanmi's Motion to Dismiss, Plaintiff only argued that he had adequately stated a claim pursuant to 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.   The Court agrees with Plaintiff that he has adequately alleged this claim.

　　　　However, Plaintiff did not oppose Defendant Olukanmi's Motion to Dismiss any of the other claims alleged in his Complaint, and instead admitted that "Plaintiff's operative complaint includes numerous defects."  Although he stated that he would seek leave to amend the complaint on or before June 19, 2015, he never did.  Accordingly, pursuant to Local Rule 7-12, the Court deems Plaintiff's failure to file an Opposition to Defendant Olukanmi's Motion to Dismiss or failure to seek leave to amend his complaint as to all claims except for his claim pursuant to 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs, as consent to the granting of Defendant Olukanmi's Motion to Dismiss.

For the foregoing reasons, Defendant Olukanmi's Motion to Dismiss is **GRANTED in part, DENIED in part.** All claims, other than his § 1983 claim for deliberate indifference to his serious medical needs against Defendant Olukanmi in his individual capacity,[1] are **DISMISSED with prejudice**.

IT IS SO ORDERED.

---

[1] However, to the extent Plaintiff alleges a § 1983 claim against Defendant Olukanmi in his official capacity, that claim is dismissed with prejudice.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983.").